IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| TERRENCE J. SPARKMAN and LEONARD SPARKMAN, as Co-Personal Representatives of the Estate of ELIJAH SPARKMAN, JR., Deceased, | ) ) ) ) | C/A No. 2:12-cv-02957 |
| | ) | |
| Plaintiffs, | ) | **AMENDED COMPLAINT** |
| | ) | (Wrongful Death) |
| v. | ) ) | Plaintiff Demands A Jury Trial |
| | ) | |
| A.W. CHESTERTON COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Now come plaintiffs, Terrance J. Sparkman, a citizen and resident of the State of South Carolina, and Leonard Sparkman, a citizen and resident of the State of Virginia, and duly appointed co-representatives of the Estate of **Elijah Sparkman, Jr.,** deceased, appointed in Charleston County, and sue the defendants on behalf of the legal beneficiaries of the Estate, who are Terrence J. Sparkman, Leonard Sparkman, and Gina Kansteiner, and allege as follows (as used hereinafter, plaintiff refers to the deceased and/or his representative):

## JURISDICTION

1.      That as is evidenced by the caption of the instant Amended Complaint which is specifically incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. The plaintiff was exposed to various asbestos-containing products while working in various locations in South Carolina. That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. That mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to the plaintiff's contraction of his mesothelioma, and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FIRST CAUSE OF ACTION

2.      Defendants, and each of them, are, or at times relevant hereto, were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos and asbestos-related materials, including asbestos-containing maritime materials.

3.      The defendants, acting through their agents, servants, and/or employees, cause, and have caused in the past, certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by the plaintiff.

4.      Plaintiff was a boiler house operator, who for a long period of time, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5.      During the course and scope of his employment, plaintiff has been exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma, and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6.      The illness and disability and death of the plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

7.      The illness and disability and death of the plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a) Failed to advise plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b) Failed or omitted to provide plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-related materials to warn the handlers thereof of the

dangers to health in coming in contact with said asbestos and asbestos related materials;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos related materials;

(e) Inadequately warned, if in fact, they warned at all, persons such as plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they know of the dangers and cancer-causing effects, and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to-wit, asbestos.

At all times relevant, it was feasible for defendants to have warned plaintiffs, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, the plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8.    Plaintiff repeats the allegations of the First Cause of Action where relevant.

9.    That subsequent to the time the defendants caused the asbestos products to be sold and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise the plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites.  That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to the plaintiff, despite the defendants' knowledge that their asbestos has contaminated the plaintiff's buildings and jobsites.

10.    The plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled.  Said fibers, once inhaled, cause repeated and continuing injury to plaintiff.

11.    That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, the plaintiff has been damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12.    Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13.    The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14.    The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein the plaintiff carried out his duties as a power house operator working with asbestos and asbestos-related materials.

15.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to-wit, mesothelioma, and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FOURTH CAUSE OF ACTION

16.    Plaintiff repeats the allegations of the First, Second and Third Causes of Action where relevant.

17.    Plaintiff further alleges that at the time the defendants, and each of them, sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to plaintiff's body.

The above was the proximate cause of the severe damages sustained by the plaintiff as hereinafter set forth.

## FOR A FIFTH CAUSE OF ACTION

18.    Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

19.    That at various times, from 1929 to the filing of this law suit, defendants had actual knowledge of the dangers to plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from plaintiff, thus denying plaintiff of the knowledge with which to take necessary safety precautions such as

periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a)    Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b)    Never issued recall-type letters or notices to prior users;

(c)    Frustrated the publication of articles on the asbestos health hazards in the literature;

(d)    Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e)    Intentional inadequacy and delay of use of warnings on asbestos products;

(f)    Failed to advise plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g)    Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20.    The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of plaintiff's injuries and damages hereinafter described, and the plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21.    Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22.    That during, before and after plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff.  And while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23.    The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos-containing products and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products.  Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24. As a direct and proximate result of the plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

### FOR A SEVENTH CAUSE OF ACTION

25. Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

26. The defendants had a post-sale duty to warn, which duty was breached and, as a result, plaintiff suffered injury and damages as hereinafter described.

### DAMAGES

27. As a result of the development of mesothelioma, and other industrial dust diseases caused by breathing defendants' asbestos-containing products, plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment and ultimately death.

28. Plaintiff alleges that as a result of the aforesaid death of decedent, decedent's beneficiaries have and will suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of use and comfort of decedent's society, all both past and future; and funeral expenses all to the beneficiaries actual damages, and further are entitled to punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

MOTLEY RICE LLC

  /s/ V. Brian Bevon
V. Brian Bevon
28 Bridgeside Blvd (29464)
PO Box 650001
Mt. Pleasant, SC 29465
T: (843) 216-9000
F: (843) 216-9430
E: bbevon@motleyrice.com

ATTORNEY FOR PLAINTIFF

April 23, 2013
Charleston, South Carolina

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2013, plaintiff's **Amended Complaint** was electronically filed with the Clerk of the Court using the ECF system. Notification of such filing was given by the ECF system to those registered to receive a Notice of Electronic Filing for the referenced cases.

MOTLEY RICE LLC

<u>s/ V. Brian Bevon</u>
V. Brian Bevon
28 Bridgeside Blvd (29464)
PO Box 650001
Mt. Pleasant, SC 29465
T: (843) 216-9000
F: (843) 216-9430
E: <u>bbevon@motleyrice.com</u>